*426 YEGAN, Acting P.J., Dissenting:
I respectfully dissent. A heroin peddler sells death. The seller does not necessarily want his customer to die immediately. He or she would prefer that the customer will experience euphoria and return to buy more heroin. But the peddler never quite knows what he is selling. Few, if any, heroin peddlers test their wares in laboratory conditions. A heroin peddler does not sell pharmaceutical grade opiate derivatives. Death, whether instantaneous or after repeated use, is to be expected. The possibility of overdose is always present. Here the victim overdosed on a single and lethal dose of about a gram of a substance containing heroin.
In my view, the majority opinion reaches out to create new law which, in my view, is at variance with legislative direction. It also makes for bad public policy. The exclusion list of Penal Code section 12022.7, subdivision (g), says that the enhancement does not apply to "murder, manslaughter, arson, and unlawfully causing a fire...." (People v. Cross (2008) 45 Cal.4th 58, 66, fn. 3, 82 Cal.Rptr.3d 373, 190 P.3d 706 (Cross ).) The net effect of the majority opinion is the addition to the exclusion list. This violates the familiar rule of "expressio unius est exclusio alterius" i.e., the expression of enumerated items is to the exclusion of others. An appellate court is not "empowered to insert what a legislative body has omitted from its enactments. [Citation.]" (Wells Fargo Bank v. Superior Court (1991) 53 Cal.3d 1082, 1099, 282 Cal.Rptr. 841, 811 P.2d 1025.) The legislature will be surprised to learn that the explicit list of excluded offenses now has one more-sale of heroin. The California Supreme Court will be equally surprised to see that their express indication that this enhancement be "broadly" construed (Cross , at p. 66, fn. 3, 82 Cal.Rptr.3d 373, 190 P.3d 706 ) has been ignored. Not only has it been narrowly construed, it has been "construed" as a matter of law to have no application whatsoever to sale of heroin.
The majority opinion purports to engage in a substantial evidence inquiry and concludes that no rational jury could make the factual finding that appellant did directly inflict great bodily injury upon Zermeno. This is an impermissible reweighing of the evidence. Indeed, we can add the jury to the list of those who will be surprised by the majority opinion. Here, it is apparent that about an hour after appellant personally sold a substance containing a lethal dose of heroin to Zermeno, he went home and used it. My common sense tells me that this is "direct."
The majority opinion points out that the seller and buyer went their separate ways after the transaction and so appellant did *604 not personally and directly inflict the great bodily injury. It is true the death occurred out of appellant's presence. This does not, in my view, relieve him from liability for infliction of great bodily injury. This overdose was "sealed" at the time of the sale. In other words, appellant sold the victim what was tantamount to a "time bomb." This death by overdose is a direct result of appellant's personal *427 sale of heroin to the victim. This furnishing was an actual cause, a legal cause, and a proximate cause of the death. (See Burrage v. United States (2014) --- U.S. ----, 134 S.Ct. 881, 891-892, 187 L.Ed.2d 715 [discussing contributing cause]; see also People v. Jennings (2010) 50 Cal.4th 616, 643-644, 114 Cal.Rptr.3d 133, 237 P.3d 474 [substantial factor].) I auger for judicial restraint. I would affirm the judgment with the finding of great bodily injury.